## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Wild Calling Pet Foods, LLC | ) | Case No. 17-19898-TBM |
| Tax ID / EIN: 47-2462719, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

---

### UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE

---

The United States Trustee ("UST"), by and through his counsel, moves the Court to convert the above-captioned chapter 11 case under 11 U.S.C. § 1112(b) for cause. As grounds therefor, the UST states and alleges as follows:

1.      The Bankruptcy Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2.      Pursuant to 28 U.S.C. § 586(a)(3), the UST is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.      Under 11 U.S.C. § 307, the UST has standing to be heard on the issues raised by this motion.

4.      Wild Calling Pet Foods, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11, title 11 of the United States Code on October 25, 2017 (the "Petition Date"). Pursuant to Sections 1107 and 1108, the Debtor continues to manage its affairs as a debtor-in-possession.

5.      The UST has not appointed a trustee or an examiner in this case, nor has the UST appointed an unsecured creditors' committee.

6.      The meeting of creditors pursuant to 11 U.S.C. § 341(a) (the "Creditors' Meeting") was held on November 27, 2017.

The Debtor's Sale of Substantially All Assets:

7.       The Debtor had been evicted from its sole business premises prior to the Petition Date, and has not been operating during this chapter 11 case.  Instead, the Debtor sought to sell its assets, which largely consisted of inventory and intellectual property.

8.       On February 9, 2018, the Court entered its Order authorizing the Debtor to sell substantially all estate assets to Great Life Petfood, LLC ("Great Life").  As consideration for the purchase of substantially all assets, Great Life assumed the Debtor's obligations owing to secured lenders TCJ I, LLC, and Super G Funding, LLC, assumed the Debtor's obligation to the State for 2017 fourth quarter employment taxes, and agreed to pay $25,000.

Remaining Assets of the Bankruptcy Estate:

9.       Certain assets were excluded from the sale to Great Life, most notably cash, any tax refunds, accounts receivable, and certain causes of action including avoidance actions under chapter 5 of the Bankruptcy Code.

10.       As of the filing of this Motion, the most recently filed Monthly Operating Report is for the month of December 2017 (Docket No. 117).  According to that report, the Debtor had a negative bank balance and about $53,000 of accounts receivable as of the end of December.

11.       According to Amended Schedule A/B filed on February 9, 2018, about $31,000 was garnished from the Debtor's bank account following the Petition Date.  The Debtor also disclosed for the first time four vehicles that do not appear to be among the assets sold to Great Life.

Nondisclosure and Misleading Testimony concerning Transfers to Insiders:

12.       Debtor filed its original Statement of Financial Affairs (the "SOFA") on November 14, 2017.  In response to item 4 (transfers within a year before the bankruptcy that benefitted an insider), the Debtor checked the box, "None."  Item 30 of the SOFA asked whether within the year prior to the bankruptcy case the Debtor provided an insider with any value, including compensation, draws, etc.  The Debtor checked the box, "No."[1]

13.       The Debtor appeared at the Creditors' Meeting through its CEO, Timothy Peterson, who testified under oath.  When questioned about item 30 of the SOFA, Mr. Peterson testified that he believed he was on the payroll until September 2016 and from that point on, took distributions "just enough to live."  When asked to clarify what constituted "just enough to live," Mr. Peterson testified that "it was just as we needed it to live;" for example, he might go two months without being paid, but then take "maybe a $7,000 check, but I took just enough to live on."

14.       On February 9, 2018, the Debtor filed its Amended Statement of Financial Affairs (the "Amended SOFA").  In contrast to the original SOFA, the Amended SOFA discloses

---

[1] In response to item 3 of the SOFA (transfers within 90 days prior to the bankruptcy), the Debtor attached a schedule showing certain transfers during that time period, including transfers to affiliate Peterson Development Co., LLC and transfers to the Greeley Country Club.

numerous transfers to insiders, including relatives and affiliated entities, such as over $1,000,000 transferred to Peterson Development Co., LLC in the year prior to the Petition Date.

15.     Notably, in response to item 30, and in contrast to Mr. Peterson's testimony at the Creditors' Meeting, the Debtor discloses that within the year prior to the Petition Date, the Debtor paid Mr. Peterson $447,200 in member draws, plus employee advances and repayments, plus employee reimbursements, plus $15,161.43 in payments on his Mercedes Benz, plus $8,009.72 to Royal Caribbean on Mr. Peterson's behalf, plus an unknown amount for Mr. Peterson's country club dues.

## Cause Exists under 11 U.S.C. § 1112

16.     Bankruptcy Code § 1112(b) generally provides that the Court shall dismiss or convert a chapter 11 case, whichever is in the best interest of creditors and the estate, for "cause."  *See* 11 U.S.C. § 1112(b)(1).  Section 1112(b)(4) contains a non-exclusive list of circumstances which constitute "cause" for dismissal or conversion.  *See* 11 U.S.C. § 1112(b)(4). "Cause" includes a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.  *See* 11 U.S.C. § 1112(b)(4)(A).  "Cause" also includes gross mismanagement of the estate, as well as an unexcused failure to satisfy timely any filing or reporting requirement under the Bankruptcy Code or Bankruptcy Rules.  *See* 11 U.S.C. § 1112(b)(4)(B) & (F).

17.     "Cause" under § 1112 is a flexible concept.  *See In re Pacific Rim Investments, LLP*, 243 B.R. 768, 772 (D. Colo. 2000).  The changes to the list of examples that constitute cause under the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA) did not change the fact that the list is illustrative, not exhaustive.  *See In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006).

18.     Cause exists to convert this case under § 1112(b).  The Debtor is not operating and has not operated during the pendency of this case.  The Debtor is not engaged in business, is not generating revenue, and has no business to reorganize.  The estate has been reduced to limited assets and there is nothing to rehabilitate.  With no operations and no revenue and with the certainty of continuing administrative expenses, this chapter 11 estate will necessarily incur substantial or continuing losses to or a diminution of the estate, with the absence of a reasonable likelihood of rehabilitation, which is cause for dismissal or conversion pursuant to § 1112(b)(4)(A).

19.     The original SOFA was woefully deficient in disclosing transfers to insiders. While the Debtor might not have had access to all of its business records at the outset of the case, many of the transfers were to or for the benefit of Mr. Peterson or his entities, and Mr. Peterson would have known of these transfers apart from the Debtor's records.  The actions of the Debtor go beyond nondisclosure, but include misleading testimony under oath by Mr. Peterson downplaying his prepetition compensation, which is gross mismanagement of the estate under § 1112(b)(4)(B).

20.     Moreover, the Debtor has not made timely disclosures, which is cause for dismissal under § 1112(b)(4)(F).  While the Court granted the Debtor an extension of time to November 14, 2017, to file its Statement of Financial Affairs (see Docket No. 29), the Amended

SOFA disclosing transfers to insiders was not filed until February 9 – almost three months after the extended deadline. Monthly Operating Reports for November and December were due in the respective following months, but were each filed late on February 13, 2018. The report for January 2018 is now overdue as well.

21.     Once the Court determines that "cause" exists under § 1112(b), the Court, generally, shall dismiss or convert the case, whichever is in the best interest of creditors and the estate. *See* 11 U.S.C. § 1112(b)(1). Conversion, rather than dismissal, is in the best interests of creditors and the estate. Following conversion, a trustee can administer remaining assets of the estate for the benefit of creditors. A trustee can evaluate and pursue claims belonging to the estate, including any claim under the Bankruptcy Code relating to the postpetition garnishment of the debtor's account. Importantly, an independent trustee will be able to examine the numerous transfers to insiders that are now disclosed and, if appropriate, pursue any claims and avoidance actions for the benefit of creditors.

22.     In the event that the Court determines that this case should remain in chapter 11, the UST requests that the Court direct the appointment of a chapter 11 trustee pursuant to § 1104(a). An independent fiduciary for the estate should be appointed to investigate and, if appropriate, pursue claims against insiders. Given that Mr. Peterson, his relatives, and his entities would be the focus of that investigation, it would not be appropriate for Mr. Peterson to be charged with investigating those claims on behalf of the estate.

WHEREFORE, the UST respectfully requests that the Court enter an order converting the above-captioned chapter 11 case for cause under 11 U.S.C. § 1112(b), or, in the alternative, that the Court order the appointment of a chapter 11 trustee, and requests such other and further relief as the Court deems appropriate.

Dated:  February 22, 2018                    Respectfully submitted,


                                             PATRICK S. LAYNG
                                             UNITED STATES TRUSTEE


                                             /s/  Alan K. Motes
                                             By: Alan K. Motes, #33997
                                             Trial Attorney for the U.S. Trustee
                                             1961 Stout Street, Suite 12-200
                                             Denver, Colorado 80294
                                             (303) 312-7999 telephone
                                             (303) 312-7259 facsimile
                                             Alan.Motes@usdoj.gov